# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY THOMAS REMER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 17cv1170 JM(WVG)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION RE: DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

Plaintiff Rory Thomas Remer has filed Objections to Magistrate Judge William V. Gallo's Report and Recommendation Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross Motion for Summary Judgment ("R & R"). The Government did not file a response to the Objections.

Plaintiff contends that the Administrative Law Judge (ALJ) in the underlying action failed to fully credit Plaintiff's "limitation of superficial interaction with coworkers or supervisors." (Objections at p.2:12-13). Plaintiff acknowledges that the ALJ found that "Remer has some limitation in the ability to interact with coworkers and supervisors and significant limitations in the ability to interact with the public. AR 38." (Objections at 3:11-13). The court overrules the Objections because the record reveals that the ALJ considered relevant evidence and articulated reasons for not fully crediting this testimony.

1    The ALJ specifically addressed Plaintiff's ability to interact with coworkers and supervisors:

> In June 2014, psychological consultative examiner Dan Whitehead, PhD., opined the claimant has no limitation in the ability to understand, carry out, and remember simple instructions. Dr. Whitehead opined the claimant has no significant impairment in his ability to deal with changes in a routine work setting. These opinions of Dr. Whitehead are given significant weight because he is an accepted medical source who examined the claimant directly and his conclusions are consistent with the bulk of the evidence in the record. Further, Dr. Whitehead opined the claimant has no impairment in his ability to respond appropriately to co-workers, supervisors, and the public (id). This opinion is given less weight because the bulk of the evidence in the record, including the claimant's testimony at hearing, shows the claimant has some limitations in his ability to interact with co-workers and supervisors and significant limitations in his ability to interact appropriately with the general public.

(AR 38). In other words, the ALJ considered that Plaintiff has "some limitations," but not severe, in his ability to interact with others but concluded, based upon the totality of the record, that Plaintiff has the residual functional capacity to perform medium work, with limitations on standing, walking, climbing, nonpublic routine tasks, interaction with coworkers and supervisors, noise levels, and exposure to pulmonary irritants. (AR 33-41). Further, the record supports the ALJ's finding that the severity of Plaintiff's impairments, either alone or in combination with Plaintiff's other impairments, did not satisfy the listed impairments in 20 CFR Part 404, Subpart P, Appx 1, or otherwise limit Plaintiff's residual functional capacity to perform medium work, as so limited. (AR 32-39). Accordingly, the court denies the Objections.

In sum, the court denies the Objections and adopts the R & R in is entirety.

**IT IS SO ORDERED.**

DATED: August 9, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties